NOTICE
Decision filed 11/06/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240755-U

NO. 5-24-0755

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* NICHOLAS S., a Minor | Appeal from Circuit Court of Madison County. |
| (The People of the State of Illinois, | |
| Petitioner-Appellee, | |
| v. | No. 23-JA-207 |
| Kisha S., | Honorable Martin J. Mengarelli, |
| Respondent-Appellant). | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Evidence amply supported the circuit court's findings that respondent was unfit and that the minor's best interests required terminating her parental rights. As any contrary argument would be frivolous, we allow appointed counsel to withdraw and affirm the circuit court's judgment.

¶ 2    Respondent, Kisha S., appeals the circuit court's orders finding her an unfit parent and terminating her parental rights to Nicholas S. Her appointed appellate counsel concludes that there is no reasonably meritorious issue that could support an appeal. Accordingly, he has filed a motion to withdraw as counsel, along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). Counsel has notified respondent of this motion, and this court has provided her with ample opportunity to respond. However, she has not done so. After considering the record on

1

appeal and counsel's motion and supporting memorandum, we agree that there is no issue that could support an appeal. Accordingly, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 3                                        BACKGROUND

¶ 4     On September 14, 2023, shortly after his birth, the State filed a petition alleging that the minor, then identified only as Baby Boy S., was neglected in that respondent had tested positive for amphetamines, did not receive prenatal care, had previously given birth to two infants who tested positive for amphetamines at birth; and had been previously found unfit without a subsequent finding of fitness in Madison County case Nos. 21-JA-43 and 22-JA-133, as a result of which she had had her parental rights terminated.

¶ 5     The State filed an amended petition that, *inter alia*, changed the minor's name to Nicholas S. The court found probable cause that he was neglected and thus granted temporary custody to the Department of Children and Family Services (DCFS).

¶ 6     In light of respondent's loss of parental rights twice before due to her substance abuse, DCFS recommended expedited termination. The State filed a petition to terminate her parental rights, which proceeded to a May 14, 2024, hearing. Respondent was represented by counsel but did not attend the hearing personally.

¶ 7     Bridget Freecar, a DCFS child protection investigator, testified that she received a report that the minor tested positive for amphetamine and methamphetamine shortly after his birth. Freecar received a drug test confirming this. Respondent also tested positive for amphetamines. Freecar thus took the minor into protective custody. The court took judicial notice of the files in case Nos. 21-JA-43 and 22-JA-133.

2

¶ 8 Rachael Cawvey, respondent's caseworker, testified that she prepared a service plan that included drug treatment. All recommended services were offered. However, after completing an initial substance-abuse assessment and a single drug test, respondent did not complete any services. Her communication with the agency was "sporadic," consisting of a phone call every two or three weeks. When she called, respondent primarily asked about her service plan; she did not typically inquire about Nicholas's wellbeing. She had visited the minor only once during his lifetime.

¶ 9 Cawvey said that Nicholas was doing well in his current placement. He was close to his siblings, because the placement is with a friend of the siblings. Cawvey testified, "All of his needs are met in the home, and he is significantly bonded to his caregivers." DCFS felt the minor's best interests required that respondent's parental rights be terminated.

¶ 10 Janel Freeman, the guardian *ad litem*, recommended that respondent's parental rights be terminated so the child could be freed for adoption. The court found that respondent was unfit and that terminating her parental rights was in the minor's best interests. Respondent timely appealed.

¶ 11                                         ANALYSIS

¶ 12 Respondent's counsel suggests that the only issue he could conceivably raise is whether the court erred in terminating respondent's parental rights at the initial dispositional hearing. Counsel concludes that it did not, and that any contrary argument would be frivolous. We agree.

¶ 13 Generally, a proceeding to terminate a party's parental rights under the Juvenile Court Act of 1987 (705 ILCS 405/1-1 *et seq.* (West 2022)) occurs in two stages. *In re Deandre D.*, 405 Ill. App. 3d 945, 952 (2010). First, the State must establish that the parent is "unfit to have a child" under one or more of the grounds in the Adoption Act. *In re D.T.*, 212 Ill. 2d 347, 352 (2004); see 750 ILCS 50/1(D) (West 2022). At the unfitness hearing, the State bears the burden of proving, by clear and convincing evidence, that the parent is unfit to have a child. See *In re D.W.*, 214 Ill. 2d

3

289, 315 (2005). If the court finds the parent unfit, the cause proceeds to the second stage, in which the court decides whether it is in the minor's best interest to terminate the parent's rights. *In re D.T.*, 212 Ill. 2d at 366-67.

¶ 14    However, section 2-21(5) of the Juvenile Court Act allows a trial court to combine the hearings "and terminate parental rights at the initial dispositional hearing when the original or amended petition contains a request to terminate the parental rights and appoint a legal guardian with the power to consent to adoption." *In re N.B.*, 2019 IL App (2d) 180797, ¶ 26 (citing 705 ILCS 405/2-21(5) (West 2018)). That section provides in relevant part as follows:

"The court may terminate the parental rights of a parent at the initial dispositional hearing if all of the following conditions are met:

(i) the original or amended petition contains a request for termination of parental rights and appointment of a guardian with power to consent to adoption; and

(ii) the court has found by a preponderance of evidence, introduced or stipulated to at an adjudicatory hearing, that the child comes under the jurisdiction of the court as an abused, neglected, or dependent minor under Section 2-18; and

(iii) the court finds, on the basis of clear and convincing evidence admitted at the adjudicatory hearing that the parent is an unfit person under subdivision D of Section 1 of the Adoption Act; and

(iv) the court determines in accordance with the rules of evidence for dispositional proceedings, that:

(A) it is in the best interest of the minor and public that the child be made a ward of the court;

4

(A-5) reasonable efforts under subsection (l-1) of Section 5 of the Children and Family Services Act are inappropriate or such efforts were made and were unsuccessful; and

(B) termination of parental rights and appointment of a guardian with power to consent to adoption is in the best interest of the child pursuant to Section 2-29." 705 ILCS 405/2-21(5) (West 2022).

¶ 15 Counsel observes that all these conditions were met here. The petition requested the termination of the parents' rights and the appointment of a guardian with the power to consent to the minor's adoption. At the adjudicatory hearing, the uncontradicted evidence showed that the minor was born substance exposed. This was *prima facie* evidence of neglect, thus subjecting him to the court's jurisdiction. 705 ILCS 405/2-18(2) (West 2022).

¶ 16 Moreover, the court properly found that respondent was unfit. One basis for a finding of unfitness is that a parent (1) has previously had a child who was adjudicated neglected because he was born with drugs in his blood, urine, or meconium; (2) had the opportunity to enroll and participate in a clinically appropriate substance abuse counseling, treatment, and rehabilitation program; and (3) the child at issue in the petition was born with drugs in his blood, urine, or meconium. *In re Jamarqon C.*, 338 Ill. App. 3d 639, 649 (2003) (citing 750 ILCS 50/1(D)(t) (West 2000)). Here, the court took judicial notice of two prior cases in which respondent gave birth to children who were found to be neglected after being born with drugs in their systems. Moreover, the evidence showed that respondent had been afforded the opportunity to participate in substance abuse counseling but had failed to take advantage of it. The minor in this case was also born with drugs in his system.

¶ 17 Further, other evidence at the hearing showed that respondent had visited the minor only once during his lifetime. She only sporadically contacted DCFS and had not engaged in any substantive services required by the service plan. She did not attend the hearing. Thus, the court reasonably found respondent unfit.

¶ 18 Additionally, the court reasonably found that the minor's best interests required terminating respondent's parental rights and making him a ward of the court. The court further found that reasonable efforts were made to reunite respondent and her child, but those efforts were unsuccessful.

¶ 19 Once a finding of unfitness has been made, all other considerations must yield to the best interests of the child. *In re P.S.*, 2021 IL App (5th) 210027, ¶ 30. The State must prove by a preponderance of the evidence that it is in a child's best interest to terminate parental rights. *In re B.B.*, 386 Ill. App. 3d 686, 699 (2008). Here, Cawvey testified that the minor was being well cared for in his foster home and was bonded to the foster parents, who were committed to permanency.

¶ 20 Thus, the court complied with the statute and the evidence amply supported its findings.

¶ 21 CONCLUSION

¶ 22 As this appeal presents no issue of arguable merit, we grant counsel leave to withdraw and affirm the circuit court's judgment.

¶ 23 Motion granted; judgment affirmed.